DAVID SEROR – Bar No. 67488
CHAPTER 7 TRUSTEE
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email: dseror@ebg-law.com

Former Chapter 7 Trustee and
Administrative Creditor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>FREDERICK KURT HOWARD and<br>CAROLYN LEE HOWARD,<br><br>Debtors. | Case No. 1:12-bk-16969-VK<br><br>Chapter 7<br><br>**OBJECTION TO DEBTORS' CHAPTER 13 PLAN BY DAVID SEROR, FORMER CHAPTER 7 TRUSTEE AND ADMINISTRATIVE CREDITOR; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID SEROR**<br><br><u>**Confirmation Hearing**</u>:<br>Date:    March 3, 2013<br>Time:   9:30 a.m.<br>Place:  Courtroom 301<br>           U.S. Bankruptcy Court<br>           21041 Burbank Blvd.<br>           Woodland Hills, CA 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, ELIZABETH F. ROJAS, CHAPTER 13 TRUSTEE, DEBTORS AND THEIR COUNSEL, AND ALL OTHER INTERESTED PARTIES:**

    David Seror, the former Chapter 7 Trustee (the "Chapter 7 Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtors ("Debtors"), hereby objects (the "Objection") to confirmation of the Chapter 13 Plan untimely filed on January 17, 2013. Confirmation of the Chapter 13 Plan should be denied on each of the following reasons:

1

725811

1. This case was commenced on August 2, 2012 when Debtors filed a voluntary Chapter 7 Petiton. On December 11, 2013 the case was converted to a Chapter 13 case upon Debtors' motion. The Order converting this case to a Chapter 13 provides that the Chapter 13 Plan must be filed on or before December 25, 2012. In fact, the Chapter 13 Plan was filed on January 17, 2013, more than three (3) weeks beyond the date set by the Court.

2. Creditors had insufficient notice of and time to object to the Chapter 13 Plan. The Section 341(a) notice to creditors.was filed and served on January 22, 2013, one day before the actual meeting of creditors, which was set to take place on January 23, 2013. The Plan itself was not separately served, but was instead served with the Section 341(a) Notice. Thus, the Plan was served on creditors the day before the actual hearing date. Further, the Section 341(a) notice provides that the time to object to the Plan is January 16, 2013, six (6) days before the Chapter 13 Plan was even served on creditors.

3. The Chapter 13 Plan was not proposed in good faith as required by Bankruptcy Code 1325(a)(3). In Debtors' originally filed Schedule "D", filed on August 2, 2012 they disclose the existence of a junior trust deed on their real property, located at 806 Rancho Road, Thousand Oaks, California 91362. The junior trust deed is in the amount of $100,000 and was recorded April 6, 2012. The schedules state that the indebtedness which forms the consideration for the deed of trust was incurred in September, 2009, more than two years before the deed of trust was recorded. The beneficiaries under this junior deed of trust are Steven P. Bjerke and Delores I. Bjerke, the parents of one of Debtors. A true copy of the originally filed Schedule "D" is attached hereto, marked Exhibit "1". A true copy of the Deed of Trust is attached hereto, marked Exhibit "2".

4. The Chapter 7 Trustee believes that the deed of trust is an avoidable preference within the meaning of Section 547 of the Bankruptcy Code, and should be avoided and preserved for the benefit of creditors, in accordance with Bankruptcy Code §551. On January 17, 2013, Debtors filed an Amended Schedule "D" which omits any reference to the junior trust deed. This glaring omission is evidence of Debtors lack of good faith. A true copy of the Amended Schedule "D" is attached hereto as Exhibit "3".

///

2

725811

1     5.     Debtors' Chapter 13 Plan as proposed cannot satisfy the requirements of Bankruptcy Code §1325(a)(4) in that by avoiding and preserving the junior trust deed, it is anticipated that Chapter 7 creditors will receive approximately $46,700 from the proceeds of the real property, and perhaps substantially more.  Debtors' Chapter 13 Plan provides for a distribution to unsecured creditors in the amount of $10,915.

    The Objection is based on the attached Memorandum of Points and Authorities, the attached Declaration, the attached Exhibits and such other evidence and legal argument as the Court may consider, all submitted pursuant to Bankruptcy Code 1325(a)(3) and 1325(a)(4).

    **WHEREFORE**, David Seror, former Chapter 7 Trustee and administrative creditor, respectfully requests that confirmation of the Chapter 13 Plan be denied and that this case be or converted to back to a chapter 7 sua sponte.

DATED:  January 28, 2013         /s/ David Seror_____
                                                     DAVID SEROR
                                                     Former Chapter 7 Trustee

3

725811

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## CONFIRMATION OF THE CHAPTER 13 PLAN MUST BE DENIED BECAUSE DEBTORS' CHAPTER 13 PLAN WAS NOT PROPOSED IN GOOD FAITH

Bankruptcy Code §1325(a)(3) requires a finding that the Plan was proposed in good faith. Here, Debtors and their parents have engaged in a scheme whereby the junior trust deed on the subject real property has mysteriously disappeared. It clearly existed on the original petition date and was disclosed on the original Schedule "D", but for some reason has disappeared from the Amended Schedule "D". The opportunity to avoid and preserve this lien would allow a distribution to creditors of approximately $46,000, or perhaps more. Some explanation for the disappearance of this valuable asset needs to be provided.

In addition, the Chapter 13 Plan was filed more than three (3) weeks after the Court's time limitations, again no explanation has been provided.

A bankruptcy court must inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 Plan in an inequitable manner." *In re Goeb*, 675 F.2d 1386, 1390 (9th Cir. 1982).

## II.

## CONFIRMATION OF THE CHAPTER 13 PLAN MUST BE DENIED UNDER SECTION 1325(a)(4) AS CREDITORS WILL RECEIVE LESS UNDER THE PROPOSED CHAPTER 13 PLAN THAN IN A CHAPTER 7

As set for the attached Declaration of David Seror, he has investigated Debtors' real property and believes that the market value of the property is $695,000. After deducting 8% for costs of sale, and approximately $526,000 on the senior encumbrance, net sales proceeds are approximately $113,400, and Debtors' 50% equals $56,700. In Debtors' Amended Schedule "C", filed January 17, 2013 they claim a homestead exemption. However, since the deed of trust is a voluntary encumbrance, it is entitled to payment in full before the homestead exemption attaches to the proceeds from sale, pursuant to the lien that is avoided and preserved (Bankruptcy Code §§ 547, 551). Thus, the entire amount of Debtors' net proceeds is available for payment to Chapter 7

4

725811

1 | Creditors. In their Chapter 13 Plan, Debtors propose to pay $10,915 to unsecured creditors.
2 | Clearly, creditors will receive a greater distribution if the case were reconverted to a Chapter 7
3 | case.

### III.

### CONCLUSION

Based upon the foregoing, it is respectfully submitted that Debtors cannot confirm their Chapter 13 Plan. It was not proposed in good faith, it was filed late, and the deed of trust on Debtors' property has strangely disappeared, all without any explanation or justification. Moreover, it is clear that creditors will receive a greater distribution if this case was converted to a Chapter 7 case and the property is liquidated.

Confirmation of the Chapter 13 Plan should be denied, and the case should be converted forthwith.

DATED: January 28, 2013            Respectfully submitted,

/s/ David Seror
DAVID SEROR
Former Chapter 7 Trustee

5

725811

# DECLARATION OF DAVID SEROR

I, David Seror, declare:

1. I was the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate of Frederick and Carolyn Howard. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify with respect thereto. This Declaration is submitted in support of the within Objection to Objection To Debtor's Chapter 13 Plan By David Seror, Former Chapter 7 Trustee And Administrative Creditor.

2. This case was commenced on August 2, 2012 when Debtors filed a voluntary Chapter 7 Petition. Upon the filing of the Petition, I was appointed Chapter 7 Trustee, and I continued to serve in that capacity until on or about December 11, 2012 when the Court entered an Order converting this case to a Chapter 13, pursuant to a Motion to Convert Case From Chapter 7 to Chapter 13 filed by Debtors on or about October 30, 2012.

3. In Debtors' originally filed Petiton, they listed on Schedule "D" a second deed of trust on their property located 8063 Rancho Road, Thousand Oaks, California 91362. The second deed of trust is in favor of Steven P. Bjerke and Delores I. Bjerke in the amount of $100,000. Further, Debtors' Schedule "D" states that the debt was incurred in October, 2009. A true copy of Debtors's original Schedule "D" is attached hereto, marked Exhibit "1" and is incorporated herein by this reference. The Court is requested to take judicial notice of this document.

4. Upon further investigation, I determined that Steven P. Bjerke and Delores I. Bjerke are the parents of one of Debtors, and further, notwithstanding the statements in Debtors' Schedule "D", the actual deed of trust was recorded April 6, 2012, approximately 4 months before the Petiton was filed and within the applicable preference period. A true copy of the Deed of Trust is attached hereto, marked Exhibit "2" and is incorporated herein by this reference.

5. Based upon my investigation, I believe the junior deed of trust is an avoidable preference within the meaning of Section 547 of the Bankruptcy Code, and should be avoided and preserved for the benefit of creditors pursuant to Section 551.

///
///

725811

6. On January 17, 2013, Debtors filed an Amended Schedule "D" which omits any reference to the junior trust deed. This glaring omission is evidence of Debtors lack of good faith. A true copy of the Amended Schedule "D" is attached hereto as Exhibit "3".

7. As part of my duties as Chapter 7 Trustee, I have had the real property valued. I believe the market value of the property is $695,000. After deducting 8% for costs of sale, and approximately $526,000 on the senior encumbrance, net sales proceeds from the sale of this are approximately $113,400, and Debtors' 50% equals $56,700. In Debtors' Amended Schedule "C", filed January 17, 2013 they claim a homestead exemption. However, since the deed of trust is a voluntary encumbrance, it is entitled to payment in full before the homestead exemption attaches to the proceeds from sale. Thus, the entire amount of Debtors' net proceeds is available for payment to Chapter 7 Creditors. In their Chapter 13 Plan, Debtors propose to pay $10,915 to unsecured.

8. I believe creditors will receive a greater distribution in a Chapter 7 liquidation than in the Chapter 13 Plan proposed by Debtors.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct, except for those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed this ___ day of January, 2013, at Woodland Hills, California.

_____
DAVID SEROR

7

725811

B6D (Official Form 6D) (12/07)

In re  Frederick Kurt Howard & Carolyn Lee Howard ,    Case No. _____
         Debtor                                                                         (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Steven P Bjerke & Delores L. Bjerke<br>816 NW. 12th Street<br>Pendleton OR, 97801 | | C | Incurred: 10/2009<br>Lien: Deed of Trust<br>Security: Residence<br><br>VALUE $ 634,000.00 | | | | 100,000.00 | 0.00 |
| ACCOUNT NO. 1797<br>Union Bank N.A.<br>8155 Mercury Ct<br>San Diego, CA 92111 | | H | Incurred: 09/2009<br>Lien: Deed of Trust<br>Security: Residence<br><br>VALUE $ 634,000.00 | | | | 525,936.00 | 0.00 |
| ACCOUNT NO.<br><br>VALUE $ | | | | | | | | |

  0  continuation sheets attached

Subtotal ▶ (Total of this page)  $ 625,936.00    $ 0.00

Total ▶ (Use only on last page)  $ 625,936.00    $ 0.00

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**EXHIBIT "1"**                                                                     8

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
Carolyn L. Howard
806 N. Rancho Road
Thousand Oaks, CA 91362

Order No.:
Escrow No.:
APN: 670-0-090-060

```
20120406-00063861-0 1/3
Ventura County Clerk and Recorder
MARK A. LUNN
04/06/2012 11:51:30 AM
603353 $24.00 CO
```

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

**This Deed of Trust,** made this _____ day of April, 2012, between Carolyn L. Howard and Frederick K. Howard, herein called TRUSTOR, whose address is 806 N. Rancho Road, Thousand Oaks, CA 91362, and Lawyers Title Company, A California Corporation, herein called TRUSTEE, and Delores L. Bjerke and Steven P. Bjerke herein called BENEFICIARY, whose address is 816 N.W. 12th Street, Pendleton, OR 97801,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Ventura County, California, described as:

All that certain real property situated in the County of Ventura, State of California, described as follows:

A PARCEL OF LAND LOCATED IN THE STATE OF CA, COUNTY OF VENTURA, WITH A SITUS ADDRESS OF 806 RANCHO RD, THOUSAND OAKS CA 91362-2632 C021 CURRENTLY OWNED BY HOWARD FREDERICK K & CAROLYN L & BJERKE STEVEN & DELORES HAVING A TAX ASSESSOR NUMBER OF 670-0-090-060 AND BEING THE SAME PROPERTY MORE FULLY DESCRIBED AS MAP 11 PG 75 BLK 31 PART OF LOT 8 AND DESCRIBED IN DOCUMENT NUMBER 167195 DATED 07/23/2009 AND RECORDED 10/09/2009.

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note dated October 6, 2009, and any extension or renewal thereof, in the principal sum of **$100,000** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

1

**EXHIBIT "2"**        9

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it

2

may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_____
Carolyn L. Howard

_____
Frederick K. Howard

STATE OF CALIFORNIA    )
                       ) SS.
COUNTY OF VENTURA      )

On _March 5th 2012_ before me, _Sukhjinder K. Dhanoa / Notary Public_, Notary Public, personally appeared _Carolyn L Howard + Frederick K Howard_, who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sukhjinder K Dhanoa_

SUKHJINDER K DHANOA
Commission # 1944282
Notary Public - California
Ventura County
My Comm. Expires Aug 12, 2015

FOR NOTARY STAMP

3

**11**

B6D (Official Form 6D) (12/07)

*AMENDED*

In re  Frederick Kurt Howard & Carolyn Lee Howard,   Case No: 12-bk-16969
        Debtor                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1797<br>Union Bank N.A.<br>8155 Mercury Ct<br>San Diego, CA 92111 | | H | Incurred: 09/2009<br>Lien: Deed of Trust<br>Security: Residence<br><br>VALUE $ 634,000.00 | | | | 525,936.00 | 0.00 |
| ACCOUNT NO. | | | <br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br>VALUE $ | | | | | |

0 continuation sheets attached

Subtotal ▶ (Total of this page)  $ 525,936.00   $ 0.00
Total ▶ (Use only on last page)  $ 525,936.00   $ 0.00

(Report also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**EXHIBIT "3"**   12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document entitled: **OBJECTION TO DEBTORS' CHAPTER 13 PLAN BY DAVID SEROR, FORMER CHAPTER 7 TRUSTEE AND ADMINISTRATIVE CREDITOR; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID SEROR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 29, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Russ W Ercolani    russ@ercolanilawgroup.com
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **January 29, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Victoria S. Kaufman
United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Blvd., Suite 305
Woodland Hills, CA  91367-6606

Debtors
Frederick Kurt Howard
Carolyn Lee Howard
806 Rancho Road
Thousand Oaks, CA  91362

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 29, 2013 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                      **F 9013-3.1.PROOF.SERVICE**